IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY A. ROMANIE,                )
                                )
            Plaintiff,          )
                                )
    v.                          ) Civil Action No. 08-837
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )


MEMORANDUM JUDGMENT ORDER

AND NOW, this 22nd day of September, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for benefits on September 15, 2005, alleging a disability onset date of March 31, 2004, due to fibromyalgia and its resulting symptoms including chronic pain, fatigue, migraine headaches, memory loss, confusion and depression. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on July 9, 2007, at which plaintiff, represented by counsel, appeared and testified. On July 20, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On July 31, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's application for benefits under Title II, the ALJ found that plaintiff last met the insured status requirements of the Act on March 31, 2008. As a result, plaintiff bears the burden of showing that she became disabled between her alleged onset dated of March 31, 2004, and the expiration of her insured status on March 31, 2008.

Plaintiff was 52 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a high school equivalent education. She has past relevant work experience as a sales clerk, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of fibromyalgia osteoarthritis, diabetes mellitus and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in light work with certain restrictions recognizing the limiting effects of her impairments.[1] Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff is capable of performing her past relevant work of sales clerk in light of her residual functional capacity. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

---

[1] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform light work activity limited to "occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling and climbing on ramps and stairs" and to "occupations that do not require exposure to dangerous machinery and unprotected heights." (R. 15).

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

Here, plaintiff challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform light work with restrictions and therefore is not disabled because she is able to perform her past relevant work. Specifically, plaintiff contends that: (1) the ALJ improperly relied on a lack of objective evidence as a basis to deny her claim for disability due to fibromyalgia; (2) the ALJ improperly rejected the consultative examiner's assessment that plaintiff can perform no more than sedentary work; and, (3) the ALJ improperly relied upon plaintiff's "sporadic and transitory" activities in assessing plaintiff's residual functional capacity. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. §404.1520(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a).

Here, the ALJ found that plaintiff retains the residual functional capacity to perform light work activity with numerous restrictions accounting for the limitations arising from

plaintiff's impairments. (R. 15). In assessing plaintiff's residual functional capacity finding, the ALJ considered all of the relevant evidence, both medical and non-medical, including plaintiff's actual activities of daily living, and ultimately determined that plaintiff retained the ability to perform light work with the enumerated restrictions. (R. 15-21).

Plaintiff takes exception to the ALJ's residual functional capacity finding for three reasons. First, plaintiff argues that the ALJ improperly relied upon a lack of objective findings to deny plaintiff's disability claim based on fibromyalgia.[3] Plaintiff's argument is without merit.

Plaintiff is correct that it would have been improper for the ALJ to reject plaintiff's claim for benefits due to fibromyalgia solely due to the absence of "objective laboratory findings." As several courts have recognized, there are no laboratory tests for the presence or severity of fibromyalgia, and the disease can only be diagnosed by elimination of other medical conditions which may manifest like symptoms of musculoskeletal pain, stiffness, and fatigue. See, e.g., Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir.

---

[3] The only symptoms of fibromyalgia are a history of widespread pain and pain in eleven of eighteen tender point sites on digital palpitation. American College of Rheumotology, 1990 Criteria for the Classification of Fibromyalgia. Fibromyalgia is "recognized by the typical pattern of diffuse fibromyalgia and nonrheumatic symptoms (e.g. [sic], poor sleep, anxiety, fatigue, irritable bowel symptoms), by exclusion of significant contributory or underlying diseases (e.g. [sic], generalized osteoarthritis, RA, polymyositis, polymyalgia rheumatica, other connective tissue disease), and by exclusion of psychogenic muscle pain and spasm." Merck Manual at p. 481.

1996) ("There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness ... and multiple tender spots, more precisely 18 fixed locations on the body ... that when pressed firmly cause the patient to flinch."); Preston v. Secretary of Health and Human Services, 854 F.2d 815, 819 (6th Cir. 1988) ("There are no objective tests which can conclusively confirm [fibromyalgia], rather it is a process of diagnosis by exclusion and testing of certain 'focal tender points' on the body for acute tenderness.").

Thus, because of the unavailability of objective clinical tests to confirm a diagnosis, fibromyalgia poses unique difficulties in the social security context. However, in this case, the ALJ did not base his finding of not disabled on the lack of objective findings to support a diagnosis of fibromyalgia. In fact, the ALJ accepted the diagnoses of plaintiff's treating physicians and the consultative examiner and expressly found that plaintiff's fibromyalgia is a severe impairment. Instead, the ALJ found plaintiff not disabled because the evidence as a whole does not support a finding that plaintiff's fibromyalgia results in limitations precluding her from performing her past relevant work. To the extent that limitations arising from fibromyalgia are supported by the record as a whole, the ALJ incorporated such limitations into his residual functional capacity finding. The court finds no error in the ALJ's evaluation of plaintiff's disability claim based on fibromyalgia.

Plaintiff also contends that the ALJ's residual functional capacity finding is contrary to the opinion of Dr. Ahmed, the consultative examiner, who suggested limitations that would limit plaintiff to no more than sedentary work. (R. 180). Plaintiff argues that the ALJ improperly rejected Dr. Ahmed's assessment in favor of "check-box" forms completed by the state agency reviewing physicians, who concluded plaintiff could perform light work with some restrictions. Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §416.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed Dr. Ahmed's opinion that plaintiff is limited to sedentary work and explained in detail why he gave that opinion reduced weight. (R. 20-21). Specifically, the ALJ noted that Dr. Ahmed only examined plaintiff on one occasion and the other medical evidence of record, including that from plaintiff's treating physicians, does not support the limitations suggested by Dr. Ahmed. The ALJ also

pointed to Dr. Ahmed's own physical examination of plaintiff, which found tender trigger points but also showed a full range of motion of the cervical spine and all upper and lower extremities, good muscle strength and tone, no atrophy, intact sensation, normal reflexes, normal coordination, a stable gait and the ability to walk on heels and toes, as being inconsistent with the limitations set forth in his assessment.

Plaintiff's contention that the ALJ erred in rejecting Dr. Ahmed's assessment solely in favor of the opinion of the state agency reviewing physicians[4] likewise is unpersuasive. It is clear from the record that the ALJ did not blindly accept the opinion of the state agency reviewers in assessing plaintiff's residual functional capacity. In fact, the ALJ expressly noted that such opinions, while entitled to some weight, are entitled to less weight because they are provided by non-examining medical sources. (R. 20). However, to the extent the opinions of the state agency reviewers were supported by other evidence in the record, including evidence from plaintiff's treating physician and rheumatologist, those opinions were accorded some weight by the ALJ. (Id.)

---

[4] Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(f)(2)(ii); SSR 96-6p.

Moreover, of particular import in this case, the ALJ further noted that plaintiff's activities of daily living, as summarized by the ALJ in his decision, are inconsistent with an individual experiencing totally debilitating symptomatology. (R. 18). In this regard, the ALJ emphasized that the opinion of Dr. Ahmed appeared to be more a reflection of plaintiff's subjective assessment of her own limitations. (R. 21). As a result, the ALJ did not err in not giving the consultative examiner's opinion significant weight. SSR 96-2p; 20 C.F.R. §404.1527(d).

Finally, to the extent plaintiff suggests that the ALJ erred in relying upon plaintiff's daily activities in evaluating the medical evidence and assessing plaintiff's residual functional capacity, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[5] While it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of her activities of daily living, as well as her treatment history and the absence of medical opinion evidence supporting her

---

[5] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

allegations of totally debilitating symptoms, and adequately explained in his decision how those activities were inconsistent with more restrictive limitations. (R. 16-20).

In sum, the ALJ did a thorough job in addressing the relevant medical evidence and explaining why he gave little or lesser weight to the opinion of Dr. Ahmed. Because Dr. Ahmed's assessment is inconsistent with other substantial evidence in the record, including the objective medical findings, plaintiff's progress notes, and plaintiff's own daily activities, his assessment is not entitled to significant weight. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence, and resultant residual functional capacity finding, are supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*(signature)*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 S. Braddock Ave., Suite 570
    Pittsburgh, PA 15218

    Jennifer Andrade
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 400
    Pittsburgh, PA 15219